DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Gerald Hyre, appeals the sentence imposed by the Summit County Court of Common Pleas after Appellant pled guilty to one count of felonious assault and two counts of child endangering. We reverse and remand for re-sentencing.
 I. {¶ 2} On March 14, 2003, Appellant pled guilty to felonious assault and two counts of endangering children. The trial court sentenced Appellant in an order journalized on April 16, 2003. The trial court imposed a sentence of eight years on the felonious assault conviction, a sentence of eight years on one count of child endangering, and six months on the other count of child endangering. The trial court ordered that the sentences be served consecutively, and not concurrently, for a total of sixteen years.
 {¶ 3} Appellant timely appealed, raising two assignments of error. We address the two together to facilitate review.
 II. Assignment of Error No. 1
"The trial court abused its discretion and erred in imposing greater than minimum sentences on each count of conviction, said sentences being contrary to law and not supported by evidence in the record, and the trial court having failed to make the requisite findings to support the same."
 Assignment of Error No. 2
"The trial court abused its discretion and erred in imposing the maximum prison terms, said sentences being contrary to law and not supported by evidence in the record, and the trial court failed to make the requisite findings to support the same."
 {¶ 4} "Pursuant to R.C. 2929.14(E)(4) and 2929.19(B)(2)(c), when imposing consecutive sentences, a trial court is required to make its statutorily enumerated findings and give reasons supporting those findings at the sentencing hearing." State v. Comer, 99 Ohio St.3d 463,2003-Ohio-4165, paragraph one of the syllabus. "Pursuant to R.C.2929.14(B), when imposing a nonminimum sentence on a first offender, a trial court is required to make its statutorily sanctioned findings at the sentencing hearing." Id., paragraph two of the syllabus.
 {¶ 5} In both assignments of error, Appellant argues that the trial court did not make findings upon the record at the sentencing hearing, which are required by statute and Comer. In the appellee's brief, the State concedes that the requisite findings were not made at the hearing; our review of the record confirms the same.
 {¶ 6} Appellant's two assignments of error are sustained.
 III. {¶ 7} Appellant's two assignments of error are sustained. The sentence of the Summit County Court of Common pleas is reversed and the case is remanded for re-sentencing.
Judgment reversed and the cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellee.
Exceptions.
SLABY, P.J. and WHITMORE, J., concur.